the court now calls a case number one one five nine four six people of the state of Illinois versus William Smith are the parties ready to proceed I may proceed there's no real dispute that the plain language of the post-conviction act does not explain precisely how or when a petitioner must demonstrate cause and prejudice for purposes of obtaining leave to file a petition however is evident from the legislative history that the legislature intended section 122 1f to codify the then current practice of the court as set forth in Pitzenbarger and his progeny and to emulate federal laws gatekeeping procedure for successive habeas petitions to that end this court interpret the statute so that the gatekeeping cause and prejudice determination is made in conjunction with the first stage proceedings and that petitioner is granted leave so long as his pleadings taken as true and liberally construed make an arguable showing cause and prejudice although a higher showing higher appropriate showing would be required at subsequent proceedings under the act this interpretation would provide a workable understandable procedural framework that's consistent with Pitzenbarger federal habeas procedures the leaves the file requirement was intended to emulate and this court's recent decision in people be rights in contrast the appellate court's conclusion that a petitioner must conclusively establish cause and prejudice to obtain leave and that his well-plaid facts are not to be considered true would just lead to a mess where a evidentially evidentiary hearing to be required in virtually every case before the proceedings ever reached the first first state proceeding and then raising questions of whether petitioner is entitled to counsel at the proceedings what other sort of pleadings by the state are allowed and the state answers none of those concerns in this brief rather merely asserts that a petitioner must satisfy the cause and prejudice test without ever explaining what that means and finally because mr. Smith has demonstrated an arguable showing of cause and prejudice he asked that this court reverse the appellate court's affirming of the trial court's denial of leave and remand this case for second stage proceedings so the legislature was not working from scratch on a draft statute there's already a procedure in place in followed by the courts in which the cause and prejudice determination was made in the context of the acts three-step procedure and the first stage cause and prejudice was considered applying first stage pleading standards that if the petitioner survived that stage went to the second stage or second stage pleading standards were applied and finally if the petitioner satisfied those standards you would have to ultimately prove up cause and prejudice at an evidentiary the standard that you advocate advocate here was that only applied to petitions that have been filed and docketed considering that successive successive petitions need leave of court before it can be filed I understand would you need the permission of court to file well we the standard would be applied to any petition as this courts already held in Tidwell that a petitioner does not have to file a separate motion for leave as long as his petition set forth cause and prejudice so the standard that you argue would only apply to petitions that have been filed and docketed they be well not a petition is not considered filed until leave of court is granted so the the determination of whether to grant leave to file under my proposed procedure would be taking place in conjunction with the first stage seating because the prejudice prong of looking whether or not the underlying error prejudice the defendant that's no necessarily wrapped up into the determination of whether or not is his underlying claim shows a substantial constitutional violation so it under my or Smith's proceedings are proposed proceeding the leave to file determination and the first stage merit determination be made at the same time so if the court were to say okay you know he made an arguable showing a cause he made an arguable showing a prejudice and thus also made an arguable showing of his underlying claim then we'll grant and leave the file and the petition will go forward to the second stage just as was the case in people be rights where this court held because the defendant satisfied the cause and prejudice test the appropriate procedure was to advance the petition the second stage going on as I said there was already a procedure in place when the when the legislature enacted section 122 and the legislature the comments made in the legislature this legislative history show that the legislature intended to codify that it only makes sense to follow what then current practice was and to interpret the statute as so that the first stage proceeding our first stage leading standards apply to the initial cause and prejudice mr. Carroll for purposes of argument let's assume that we agree with you that the federal more lenient habeas standard is more workable standard how did the in this case the defendant's petition even satisfy the arguable arguable basis one terms of cause under the United States Supreme Court's decision in our team is the right this least arguable that post-conviction counsel's failure to raise the issue in Smith's initial petition under Martinez or in a petitioner does not have a constitutional right to effective assistance of counsel in state post-conviction proceedings where those proceedings are petitioners first opportunity to vindicate his constitutional right to trial counsel his as just a matter of equity and fairness if his post-conviction counsel's deficient deficient performance is what prevented him from raising the issue that will allow they'll constitute cause for him to raise the issue for the first time in a federal habeas and again that's not setting a constitutional right to effective assistance in post-conviction proceedings the same as a matter of the petitioner of his it's only opportunity to argue his trial counsel's ineffectiveness in order to protect his constitutional right trial counsel then post-conviction counsel's deficient performance must set by cause because otherwise no court would ever you know address the petitioner's claim and the same equitable principles apply here Smith had a constitutional right to the effective system of counsel. Can you address the prejudice front if we're talking about cause and prejudice if we look at the pleadings here and we read the standard you suggest you talked about cause what about prejudice well because there's it's at least arguable that there is a reasonable probability that his direct appeal would have been successful had his appellate counsel raised the issue and direct appeal I mean it's um it's undisputed that the prosecution did not deliver the testimony that promised in this opening statements and given the the testimony of officer Mayhew of officer Mayhew at the motion to quash arrest it's least arguable that the prosecution should have known that its witnesses would not have testified as the way it said it would in the opening statement. Was that brought up on direct appeal with respect to closing argument was there a argument regarding closing argument in that and you know admittedly that does it's that the prejudice caused by the closing argument is a subsection of the prejudice that appellate counsel should have argued but it doesn't come all of the problems caused by the improper opening statements because the opening statements you know set in the jurors minds what evidence this is to expect so they came into the court sort of with a or into the you know proceedings with the bias that okay you know the prosecution has some evidence that someone identified Mr. Smith is holding a gun in his right hand before the shooting so that's what they came to expect so they would have when Smith and Hudson did not testify the way the state claims it was it would immediately suspect a testimony so the opening statements just tainted the jurors entire view of the case from the onset that that prejudice does not address I'm having difficulty with that I if in closing argument by necessity there had to be an argument that counsel told you on opening statement dot dot dot right and it didn't happen it wasn't that wasn't that the substance of the direct appeal on that issue yes but also the the director of the court on direct appeal found that the closing argument statements were invited by defense counsel the opening statements were not invited the the prejudice analysis that the court did was very cursory because it found that the statements were invited therefore you know the the reasoning of the polygraph direct appeal doesn't cover all of the are all of the claims that mr. Smith now makes regarding and I'm justice Tice's that's correct your honor however that wasn't evidence that does not I mean it's been held that well that can cure it doesn't automatically cure statements made in closing arguments so just as a matter of it doesn't foreclose the fact that the instruction forgiven does not automatically as a matter of law for Smith for making his prejudice argument and just prejudice the the state's the state's witnesses testimony conflicted with the statement that Smith gave they according to them Smith's car was driving down the street at the time the shooting occurred so where's my statement says no him and his friends were walking to the scene you know he can't be walking down the street and driving in the car at the same time so the fact that the opening statements by queuing off to the jury what to expect and tainting the jury's as to already be suspect of small and Hudson's testimony that at least arguable that the comments led the jury to believe this Smith statement over small and Hudson's version of events and under hood small and Hudson's version of events that Smith is arguably would then driving in the car would make it much more likely that they would not find him guilty in terms of accountability and Smith's codefendant was acquitted of essentially the same facts so you can't say it is evidence was so over overwhelming that there's no possibility that Smith would have been no possibility that he would have been acquitted but given the given the inconsistencies in the state's testimony and the effect the improper opening statements would have had on how the the evidence is at least there's at least a reasonable problem it's at least arguable that there's a reasonable probability that his appeal would have been successful had appellate counsel raised the issue now just addressing this court's a decision in Edwards argues in this case that don't believe supplies to this case because that statute or that is dealt with fundamental fundamental miscarriage of justice exception which is not how to by statute and this part did not have the legislative history as guidance applying the arguable basis standard to the cause of purchase isn't going to wouldn't require the courts to treat successive petitions the same as initial petitions as he would with a freestanding claim of actual innocence because the petitioner would have to show cause and purchase which a petitioner doesn't have to show in his initial petition and finally freestanding claim of actual innocence is a pretty remarkable claim that even though petitioner got a fair trial and extraordinary claims require extraordinary proof so it's it makes sense that freestanding claim of actual innocence would be subject to a higher burden unless this court has any further questions dismiss and ask that you reverse the appellate court and remand the paper that you see. Thank you. Thank you. May it please the court my name is Michelle Grimaldi Stein I am an assistant states attorney and I represent the people of the state of Illinois. The issue before this court today is what procedure did the legislature intend to provide when it enacted section 122.1f. As this court has repeatedly recognized the intent of the legislature in enacting that section is very clear it was intended to limit the filing of successive petitions because as section 122-3 of the Post-Conviction Hearing Act demonstrates it was the legislature's intent that only one opportunity be generally provided for post to avail yourselves of the rights under the Post-Conviction Hearing Act. This court determined that in very limited circumstances a fundamental fairness would require that a successive petition be entertained and it adopted the cause and prejudice test as the analysis to be employed in determining whether a successive petition fell within those very limited circumstances. So when the legislature enacted section 122.1f it did two things it codified this court's cause and prejudice test but it also adopted a leave to file provision and that provision required that the cause and prejudice inquiry become a threshold inquiry. So 122.1f provides that no leave may be granted only if the successive petitioner satisfies cause and prejudice. Section 122.1f specifically defines what is necessary to satisfy cause and prejudice. The petitioner must identify an objective factor that impeded his ability to raise the claim in his initial petition and he has to demonstrate that the claim that he now seeks to raise so infected his entire trial that his resulting conviction or sentence violates due process. Successive petitions were intended to be treated qualitatively differently than initial petitions. Initial petitions may be filed as of right, successive petitions require both leave of court and satisfaction of additional requirements. Defendants three stage piecemeal satisfaction of cause and prejudice finds no support in the plain language of the act and it would wholly defeat the whole intent behind 122.1f to limit the filing of these petitions. The plain language of the act also defeats the suggestion that an arguable basis standard is the appropriate test by which to initially judge successive petitioners attempt to comply with cause and prejudice. When this court rejected the same test as the appropriate test for successive claims of actual innocence, it noted that section 122.1f makes no mention of the frivolous and patently without merit standard. And because the legislature was clearly aware of that standard when it enacted 122.1f, that legislative silence had an implication. They didn't intend it to apply. And that's a legitimate thing for the legislature to do. Because the Post-Conviction Hearing Act is not a constitutionally mandated statute. It is a creation of the legislature. It was not known at common law. And the legislature has a right to define the parameters of relief. Where a defendant has had one meaningful opportunity to avail himself of rights under the Post-Conviction Hearing Act, it is not constitutionally inappropriate to require for him to meet a higher burden so as to show that his case is one of these very limited cases where the scarce judicial resources are supposed to be allocated. Would the employing the federal habeas system violate the intent of the act? It would certainly violate the plain language of the act. There is nothing in there. And there is no reason for it would violate the intent of limiting the filing of successive petitions to those petitioners who are truly qualified to obtain that review. It is the same test that this court has applied since 1992 when it first adopted the cause and prejudice test in Flores. It has always required an actual demonstration of both cause and prejudice. And this is not beyond the ken of a pro se petitioner. As the McCleskey Court recognized, cause is based on facts uniquely within the petitioner's knowledge. It's the petitioner's obligation to research his claims to bring out any claims and any grounds for relief in the initial petition. To show cause, he has to explain what he did to claim and why he wasn't able to discover that previously. Back to the federal system. Why isn't going to the appellate court for an initial determination before sending to the district court, why would that not be limiting the filing of? Right? I mean, they're going to make an initial determination and then so it presumably would limit. Some of those, they're going to say the determination was no, it can't go forward. Correct. But we don't have the, we have, the defendant wants to adopt one tiny aspect of the federal statute that he claims our legislature intended to emulate. So under the federal procedures, the type of claims that you can bring are so limited and cause is implicit in them. You have two choices. You can bring a claim where, like a Rice claim, where you have a constitutional violation and newly discovered evidence, which supports that constitutional violation, which you could not have discovered earlier through the exercise of due diligence. And when you consider this newly discovered evidence, in light of the evidence introduced at Rice with his discovery of the 2006 report of the special state's attorney. Or you have a Davis type of situation where the right that is being claimed in a successive petition is based on a new rule of law, which has specifically been held to be retroactive to cases on collateral review. So those are the only two under the federal statute and the Court of Appeals has to look at the claim, the petition, can quickly decide is it one or two of those. And all the defendant has to do is make a prima facie showing, which is a lesser burden than proving, but it is a showing as to each element of one of those things. So the arguable basis standard, because the prima facie standard, you have to show that you come within the ambit of these claims generally, as opposed to the arguable basis standard where he's saying my claim that my attorney was ineffective on my first PC, that's an arguable basis showing of cause. Not that I told my attorney that I wanted to raise this issue. Not that my attorney discussed with me this issue. Just my conclusory claim that I was deprived of the reasonable assistance of post-conviction counsel. And that's an arguable basis of cause. So... In your position under the more stringent or more lenient standard that either way he didn't get there. As a matter of law, he didn't get there. He claimed, first of all, as you recognize, Justice Thomas, this is the same claim that he raised on direct appeal from a flip side perspective. It relies on the same facts. It discusses the impact on the jury. It is the same claim. And as this court recognized in Tenor and in Orange, you can never establish cause if you've already litigated the issue. And then there is no prejudice. Now, prejudice, as the defendant argues, is this insurmountable thing that he has to show the merits of the underlying claim. Certainly he could show the merits of the underlying claim, but truly as this decisions recognize, the focus of the prejudice is what was the impact that this error had? Was it the kind of error that by itself it so infected the entire trial? You don't look to the quantum of proof as much as you look to the nature of the error. And the very, not only does this court's cases in Rice and in Davis support that analysis, the statute that he says our act was intended to emulate supports that because that's exactly the way the federal courts look at it. Was this a kind of an error? An improper comment, not even an inadvertent, a comment which the state's attorney honestly believed her evidence was going to show, and then the witness flips between the time she last talked to him and the time that she puts him on the stand. And he doesn't give the testimony that she thought he was going to give. And the defense attorney has a heyday with that on closing argument, and she stands up and says, I'm sorry. You're right. I said I was going to present something, and I didn't. That is a small trial error in a multi-day trial with numerous witnesses that was fully explained. The judge gave cautionary instructions on opening arguments three times. You can't possibly show prejudice under any circumstances in that. So, yes. I would like to talk a few minutes, though, about how the application of this three-stage, multi-tiered process is not only not in keeping with the plain language of the act, it isn't in keeping with the legislative history. The two comments, which the defendant partially quotes and then omits what doesn't work for his argument, clearly demonstrate that what the legislature was intending was to codify the current practice of the use of cause and prejudice. And the fact that they added the leave to file provision demonstrates that they intended to change how that practice had been implemented, that they made it a threshold inquiry. But the defendant's whole argument is inconsistent with what this Court has held, because it has always found that the cause and prejudice test is a more exacting standard. It has indicated that they would be lowered in very limited circumstances. All of those precepts are inconsistent with allowing a petition to be filed if he makes a very low successive petition would contravene the well-established policy that successive petitions are disfavored. The defendant cannot point to a single case of this court where it is even intimated that an arguable showing would be sufficient. But there are decisions where this Court has affirmed the denial of leave to file where there was arguably an arguable showing. Most significantly, however, this Court was very clear that actual innocence claims brought by way of a successive petition had to be subject to a lesser standard than cause and prejudice, because this Court determined that it would violate both substantive and procedural due process if an actual innocence claim brought in a successive petition did not get reviewed because it could not meet the cause and prejudice standard. Adoption of the defendant's theory of how this analysis is to be employed would make it easier to file a successive petition making a non-actual innocence claim than it is to file an actual innocence claim. So there is simply no support for the defendant's position in the plain language of the Act, in the decisions of this Court, or in the legislative history. Is it your position that if cause and prejudice is established, then the petition is filed and it goes through the three stages, including the determination of whether it's the first stage inquiry. And as this Court recognized in Rice, the case doesn't move to a third stage evidentiary hearing, it moves to second stage. The interpretation, the people's interpretation of the statute that you need to prove both cause and prejudice and that cause, that prejudice is concerned with the nature of the error is the only logical way for this Court to interpret the statute because otherwise any type of trial error, as long as it's couched in terms of ineffective assistance of counsel, will be grounds for successive proceedings if there's some underlying merit. There would be no waiver. Claims that wouldn't have been reviewable under plain error on direct appeal would suddenly be resurrected for review and successive proceedings. Plain error provides for review in two very limited circumstances on direct appeal. Either where the evidence is closely balanced and the error might have affected the conviction or it's a systemic error that serves to erode the integrity of the judicial process. And this language of second prong is very similar to the way the people are suggesting that this Court interpret the prejudice component. The focus of second prong plain error is on the nature of the error and the fairness of the defendant's trial. Now successive postconviction claims have an additional layer of procedural default. In the first two proceedings you've defaulted the error in your initial proceedings and here you've defaulted the error at direct appeal and there was no objection made at trial. So we have multiple layers of procedural default. And now they're going to be salvaged simply for successive postconviction review simply by narrowing the prejudice prong of the cause and prejudice test to something akin to structural error. Then you've done the appropriate narrowing. It recognizes the state's statute requires, not just a judicially imposed thing, but the statute requires. And it achieves the legislative goal of limiting the filing of successive petitions. Unless this Court has any other questions, the people would respectfully request that this Court affirm the appellate court's affirmance of the denial of the successive petition. Thank you. Your Honor, I just have a few points. First, there's no support in the case law or legislature's history or anywhere for equating prejudice of the cause and prejudice prong with structural error. This Court has repeatedly found things that are not structural error to be deemed prejudice. And just the very term, structural error is something that's so important that you don't have to show prejudice, whereas the prejudice prong, the whole point is you have to show prejudice. So it just doesn't make any logical sense. And also in just an example like this case, in People v. Harris' course, there's no support for this Court noted that a claim of ineffective assistance of appellate counsel would satisfy the prejudice prong. That's not limiting things to structural error. Now, as to the intent of the legislature, again, the legislature was not operating in a vacuum when it drafted the statute. There was the procedure in place. The legislature knew the procedures that was in place. And just as a matter of statutory interpretation, a statute should not be interpreted as, or a statute should be interpreted as adopting the common law unless the legislature clearly and specifically expresses an intent to change the common law. And as this Court already noted in Evans when it first picked up this issue, the legislature has not clearly adopted the common law. It has not clearly and expressly, or specifically expressed an intent to change the law. If the legislature intended to change what the courts were doing, it would have stated what standard it wanted to apply. Going on as to that applying the arguable basis standard would somehow open up the convictions and the conservation of judicial resources as this state has. It applies Hodges-like standard to its gatekeeping procedure. And to the arguable basis standard would not give petitioners a free ride. They still have to show cause and prejudice. And there are very limited set of rules. So contrary to what the state says, cause is not simply limited to facts known by the defendant. To establish cause, you often have to show ineffective assistance of counsel. That's a legal argument. And then the whole basis of the equitable rule in the United States' decision in Martina v. Ryan is that a petitioner in most cases will not be able to properly articulate a claim of ineffective assistance of counsel without the exception of the defendant. And further, if another area of cause is a new ruling from a higher court comes down, in order to argue that, you have to argue that under Teague analysis, it should apply to the petitioner's case. There are a lot of attorneys that can't understand Teague. So expecting a pro se petitioner to fully articulate a Teague analysis is just completely unreasonable. Finally, this court's decision in Rice does implicitly suggest the arguable basis standard to the cause and prejudice test. If prejudice is something separate to the underlying claims as the state argues, then there would be no reason to skip over the first stage. Even if you've shown cause and prejudice under the state's argument, you still have to show an arguable basis of the underlying claims. So you should go to the first stage. That's not what happened in Rice. So just implicit in that is that showing a cause and prejudice, you effectively are showing an arguable basis for your underlying claim. So you get to the second stage. But you have not shown such a high showing that you go all the way up to the third stage. You recognize by arguing that this was implicit in Rice that it was certainly not explicit. This was not an issue in Rice, correct? That's correct. And in fact, in the appellate court case of Rice, the court sent the petition back for a third stage. And rather than engaging in the discussion of whether it should go back for a first stage versus a third stage, this court in fact sent it back for a second stage. That's the procedural position of Rice. And you're saying that we should read something into that? I'm saying the proposed procedure that Smith is advocating is consistent with the procedure that this court followed in Rice. Mr. Carroll, I want to make sure I understand your argument. The prejudicial error is the opening statement, if you've pointed out. The evidence is not presented. And as the briefs indicate and as Ms. Stein indicated, the prosecutor, after, I'm not sure of the exact chronology here, but during closing arguments, this deficiency, the error, was highlighted to the jury again. I mean, this is not the case. It's not the case. It's not the case. I mean, you as the defense, not you, but defense counsel said, hey, they didn't present this. The prosecutor acknowledges it, as I understand it. What I'm trying to understand in your argument is if the standard is the statute says that the error is so prejudicial to infect, you know, so infects. Error is made, infection, but then it's like the doctor shows up at closing argument. I'm not trying to make light of this, but I'm trying to understand your argument. The defense pounds on it. Prosecutor concedes the error or whatever you want, even if it's an error. So where's the prejudice at that point? How does it still infect the trial? That's what I'm trying to understand. That the opening statements affect how the jury is going to look at all the evidence that's presented to it. It sort of gives it the scenario of what to expect. And so our argument is that the opening statements are, let's say, the opening statements weren't made. And just in closing, the prosecution said, oh, we thought our witnesses would say something else. They didn't. So that's the argument. I think in that case, because the juries were not tipped off to what to expect, that they wouldn't be, you know, they would be, since the jury was not told what to expect, they wouldn't be prejudiced as much as had they been told this is what these witnesses are saying. Because when they're hearing the testimony, they're filtering it through what they heard in the opening statements. So our argument is that the statements are, it's at least arguable that the statements, the opening statement, tainted the jury enough that it could have changed the balance of the case. And because of that, appellate counsel was arguably ineffective for not raising this. And the ineffective assistance of appellate counsel is a due process violation. So that's, you know, that's our argument. That the closing statement, while the closing statements were prejudicial, the opening statements made things more prejudicial. And that issue is not litigated below. Is the net result of your argument mean that demonstrates, as used in 122-1F, means the same thing as not frivolous and patently without merit? That's, yes, that's our argument. That, again, since there was a procedure in place, the jury was not tipped off to what to expect. And that's the way the legislature intended to follow that procedure. And they didn't explicitly say they were looking to change that procedure. That just given the context and the legislative history, it should be interpreted that that's what they wanted. Also looking at the federal procedures that follow a Hodge-like standard that the legislature intended to emulate. Unless the court has any other arguments. I'll ask again to reverse the appellate court. Thank you. Thank you. Case number 115946, People of the State of Illinois v. William Smith, will be taken under advisement as agenda number two. Mr. Carroll, Ms. Formaldi-Stein, thank you for your arguments today. You're excused. And Mr. Marshall, the court will take a 10-minute recess at this time.